IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGELOS WASHINGTON, #276773, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:23-cv-00995 |
| v. | ) ) ) | Judge Trauger Magistrate Judge Newbern |
| THE STATE OF TENNESSEE, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Angelos Washington, an inmate of the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee, has filed this pro se action under 42 U.S.C. § 1983 against the State of Tennessee, the Tennessee Department of Correction ("TDOC"), and the BCCX, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also has filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 7), a "Motion for Declaration of Process by Mail" (Doc. No. 3), an Amended Complaint (Doc. No. 4), and a Motion to Ascertain Status of Case and Conference Hearing (Doc. No. 5).

**I.      Application for Leave to Proceed In Forma Pauperis**

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 7) is **GRANTED**.

1

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the BCCX to ensure that the custodian of Plaintiff's inmate trust account

complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance thereof.

## II.     Motions

In the plaintiff's "Motion for Declaration of Process by Mail" (Doc. No. 3), he asks that the court send "all orders and memorandum" to the plaintiff's address at BCCX (1045 Horsehead Rd.; Pikeville, TN 37367). (*Id*. at 1). To the extent the motion requests that all mail from the court to the plaintiff in connection with this case be mailed to the address specified by the plaintiff, the motion is **GRANTED**.

The plaintiff's Motion to Ascertain Status of Case and Conference Hearing (Doc. No. 5) is **GRANTED IN PART** insofar as the court issues rulings herein and **DENIED IN PART** insofar as the plaintiff is not entitled to a conference or hearing at this time.

## III.    PLRA Screening of the Amended Complaint

The Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A.     Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B.     Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C.     Alleged Facts**

On August 2, 2023, at the BCCX, Sergeant Jason Munsey, Officer Austin Lawson, and Officer Edward Hooten escorted the plaintiff to his cell in Unit 21, A-Pod, Cell-108. During the plaintiff's transport, he was placed in a "transferee hood . . . around his nose and mouth area."

(Doc. No. 4 at 2). On multiple prior occasions, the plaintiff had filed "many" grievances regarding his inability to breathe while wearing a transferee hood and "the grievance department took no actions upon the matter." (*Id*.)

The plaintiff told the officers that he could not breathe, and Sergeant Munsey ignored the plaintiff's complaints. Feeling that he was suffocating, the plaintiff "reached around while still being in handcuffs and legs irons (shackles) and ripped/tore off the transferee hood so that the plaintiff could breathe and keep from suffocating to death." (*Id.*) The officers then "picked Plaintiff up out of his wheelchair, dragged him in his cell, and stunned him, kicked him in his head, and attached a[] leash to Plaintiff['s] leg shackles and pulled to keep his body straight to keep attacking him." (*Id*.) The plaintiff was badly injured. As relief, the plaintiff seeks compensatory and punitive damages.

**D. Analysis**

The plaintiff brings this action against the BCCX, the State of Tennessee, and TDOC.

First, the complaint names BCCX as a defendant to this action. BCCX is a building; it is not "person" who can be sued under 42 U.S.C. § 1983. *Plemons v. CoreCivic Admin. Headquarters*, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018) (quoting *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under section 1983)). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against BCCX, and all claims against BCCX are **DISMISSED**.

Next, the complaint names the State of Tennessee as a defendant. The Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages. *See Ky. v. Graham,* 473 U.S. 159, 169-70 (1985). The Supreme Court has held that the

5

bar against suits against the State "exists whether the relief sought is legal or equitable," *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)), unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute, *Pennhurst*, 465 U.S. at 98-101. Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Tennessee has not consented to civil rights suits in federal court. *Berndt v. Tenn.*, 796 F.2d 879 (6th Cir. 1986). Moreover, a state is not a person within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting their official capacities are 'persons' under § 1983."); *see also Citizens for John W. Moore Party v. Bd. of Election Comm'rs*, 781 F.2d 581 (7th Cir. 1986) (recognizing that the Eleventh Amendment bars all litigation in federal courts against the state and stating that "[t]he usual way around this is to name some agents . . . and to argue that their acts implementing an unconstitutional statute exceed their authority.") (citing *Pennhurst*, 465 U.S. 89, and *Ex Parte Young*, 209 U.S. 123 (1908)). Because Supreme Court precedent makes no distinction between suits brought against a state or state agency for monetary damages versus suits seeking prospective relief (*i.e.*, declaratory judgment or injunction) and because the State of Tennessee is not a person under Section 1983, the plaintiff's claims against the State of Tennessee fail to state claims upon which relief can be granted, and those claims are **DISMISSED**.

Finally, the complaint names TDOC as a defendant. "TDOC is an arm of the state of Tennessee for purposes of Eleventh Amendment immunity." *Primm v. Tenn. Dep't of Corr.*, No. 3:15-cv-00230, 2017 WL 1210066, at *5 (M.D. Tenn. Mar. 31, 2017) (citing *Owens v. O'Toole*, No. 3:14-cv-02040, 2014 WL 5846733, at *3 (M.D. Tenn. Nov. 12, 2014)). TDOC therefore is not a suable entity under Section 1983, either for damages or injunctive relief. *See Hix v. Tenn.*

*Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) ("The TDOC is not a 'person' within the meaning of § 1983, and is therefore not a proper defendant.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Thus, Plaintiff's claims against TDOC are **DISMISSED**.

Although the complaint does not list the officers involved in the August 2023 incident as defendants, these officers are identified by full name in the narrative section of the amended complaint. (*See* Doc. No. 4 at 2). There, the plaintiff sets forth allegations of excessive force used by these officers. (*Id.*) In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (internal quotation marks and citations omitted). In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)); *see Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton

7

infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Considering the plaintiff is proceeding pro se and the serious nature of the excessive force allegations in the Amended Complaint, the court finds it appropriate to permit the plaintiff an opportunity to amend his amended complaint to add those officers as defendants to this action.

### III. Conclusion

The court has screened the Amended Complaint pursuant to the PLRA and determines that it fails to state claims upon which relief can be granted under Section 1983 against the three named defendants. Those claims and defendants, as detailed herein, are **DISMISSED**.

However, the court will permit the plaintiff an opportunity to amend his amended complaint to add Sergeant Munsey, Officer Lawson, and Officer Hooten as defendants in their individual capacities to the plaintiff's excessive force claims. If the plaintiff wishes to do so, he **MUST** file the amended complaint no later than 30 days after the date this Memorandum Opinion and Order was entered.

If the plaintiff submits a timely amended complaint, the court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, this case will be dismissed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge