UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TENNESSEE
                            AT CHATTANOOGA

| ANGELOS WASHINGTON, | ) |  |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:24-cv-146 |
| v. | ) | Judge Atchley |
| AUSTIN LAWSON, JASON MUNSEY, and EDWARD HOOTEN, | ) | Magistrate Judge Steger |
| *Defendants*. | ) |  |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint under 42 U.S.C. § 1983 that the Court dismissed on August 29, 2024, after granting Defendants' motion for summary judgment. [Docs. 56–57]. Now before the Court is Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Doc. 62]. Defendants have not responded to the motion, and the deadline to do so has passed. *See* E.D. TENN. L.R. 7.1. For the reasons set forth below, Plaintiff's motion [Doc. 62] will be **DENIED**.

I.   BACKGROUND

On April 12, 2024, this Court entered a Memorandum and Order screening Plaintiff's second amended complaint and permitting him to proceed only on an excessive-force claim against Defendants Lawson, Munsey, and Hooten in their individual capacities. [*See generally* Doc. 21]. The case proceeded through the litigation process, and on July 5, 2024, Defendants filed a motion for summary judgment, [Doc. 46], to which Plaintiff responded, [Doc. 53]. As Defendants met their burden of demonstrating they would prevail at trial on the affirmative defense that Plaintiff failed to exhaust the Tennessee Department of Correction's ("TDOC") administrative remedies prior to filing his complaint, the Court granted Defendants' motion and dismissed this action.

[Docs. 56–57]. Plaintiff appealed [Doc. 58]. The United States Court of Appeals for the Sixth Circuit denied Plaintiff permission to proceed *in forma pauperis* on appeal and ordered him to pay the $605 filing fee. [Doc. 60]. Plaintiff subsequently moved to voluntarily dismiss that appeal, which the appellate court granted by order entered on May 2, 2025. [Doc. 61].

On or about August 11, 2025, Plaintiff filed the instant motion under Rule 60(b)(6), arguing that he could not have exhausted his excessive-force claim, because TDOC procedure deemed the issue inappropriate under TDOC policy as to the first grievance on the issue and successive/duplicative as to the second grievance on the issue. [Doc. 62 at 2–4 (citing TDOC Policy #501.01.VI.(H),(I))]. Specifically, Plaintiff contends that his (1) first grievance was returned to him as inappropriate, because the "grievance department accuse[d] [him] of grieving about an disciplinary matter when the matter that [he] filed a grievance about was a[n] excessive force matter" [*id*. at 3]; and (2) his second grievance was rejected as inappropriate under a TDOC policy that prohibits inmates "from filing a grievance that arises out of the same or similar incident[s] that [are] the basis of a previously filed grievance." [*Id.* at 4]. As to the second grievance, Plaintiff contends that when he received it back on August 23, 2023, the grievance clerk had "crossed out the appeal portion of the grievance form" and placed a sticky note on the form reading that "if returned, it will be disposed of." [*Id.*].

II.     STANDARD OF REVIEW

Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Rule 60(b)(6) permits a district court to grant a motion for relief from judgment for "any other reason" justifying relief. FED. R. CIV. P. 60(b); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances

which are not addressed by the five numbered clauses of the Rule.'" (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989))). But the Rule "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted). Rather, district courts only grant Rule 60(b)(6) motions in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365 (emphasis in original); *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).

## III. ANALYSIS

The arguments presented by Plaintiff in the instant motion were considered and rejected in the Court's Memorandum Opinion finding Defendants entitled to summary judgment. [*See* Doc. 56 at 6]. Specifically, the Court notes that in his response opposing Defendants' summary judgment motion, Plaintiff argued (among other things) that his first excessive-force grievance was improperly rejected, and that the grievance chairperson prevented him from appealing his second grievance. [Doc. 53 at 3–4]. Therefore, Plaintiff's motion, which seeks to reargue issues already presented to and rejected by the Court, presents no basis for Rule 60(b)(6) relief.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for relief from this Court's final judgment [Doc. 62] is **DENIED**.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**